UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OBADIAH AND MATTHIAS FRANCOIS                CIVIL ACTION

VERSUS                                        NO.   13-2640

CITY OF GRETNA, ET. AL                       SECTION: "C" (3)

### ORDER AND REASONS

Before this Court is a Motion to Lift Stay and a Motion for Leave to File Documents in support of the Motion to Lift Stay filed by the plaintiffs, Obadiah and Matthias Francois. Rec. Docs. 23 and 26. Having considered the record and the law, the Court has determined that the two motions should be DENIED for the following reasons.

### FACTUAL SUMMARY

The plaintiffs were arrested on October 24, 2012 and charged with violations of La. R.S. 14:59A(5) (Criminal Mischief - Filing a False Police Report) and La. R.S. 14:285A (Harassing Phone Calls). Rec. Docs. 25 and 25-1. The charges are open and pending against the plaintiffs and the matter is set for trial on April 9, 2014. *Id*. On May 7, 2013, the defendants filed a 42 U.S.C. §1983 complaint against the City of Gretna (Gretna) alleging a violation of their Fourth Amendment rights when Gretna arrested them and seized their cell phones. Rec. Doc. 4. On June 24, 2013, Gretna filed a Motion to Stay Proceedings pending the resolution of the underlying criminal proceedings. Rec. Doc. 10. The Motion to Stay was granted by this Court on July 30, 2013. Rec. Doc. 22. The plaintiffs filed a Motion to Lift Stay on February 2, 2014. Rec. Doc. 23. The

plaintiffs thereafter filed a Motion for Leave to File Documents in support of the Motion to Lift Stay on March 12, 2014. Rec. Doc. 26.

## ANALYSIS

**1. Motion to Lift Stay**

The decision to stay a case lies within the sound discretion of the District Court. *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962). The plaintiffs argue that the Motion to Lift Stay should be granted because their criminal proceedings were delayed and they were incorrectly diagnosed during their mental competency proceedings. Rec. Doc. 23. However, as Gretna argues, a stay is appropriate if a state criminal defendant brings a federal civil rights lawsuit while his state criminal trial is pending. *Younger v. Harris,* 401 U.S. 37, 49 (1971). Abstention is appropriate here because criminal proceedings are still ongoing in state court, which court has an important interest in its judgments and which court allows the plaintiffs an opportunity to raise their constitutional challenges. *Id*. Accordingly, the Motion to Lift Stay is denied.

**2. Motion for Leave to File Documents**

In the plaintiffs' Motion for Leave to File Documents in support of their Motion to Lift Stay, they reassert the argument that their criminal proceedings were delayed and they were incorrectly diagnosed during their mental competency proceedings. Rec. Doc. 26-2. Rule 15 of the Federal Rules of Civil Procedure dictates that leave to amend pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). However, the "grant or denial of an opportunity to amend is within the discretion of the district court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). When considering a motion to amend, the Court should examine whether a proposed amendment

would be futile, made in bad faith, result in undue delay, or cause prejudice to the opposing party. *Gregory v. Mitchell*, 634 F.2d. 199, 203 (5th Cir. 1981). To allow the plaintiffs to amend the Motion to Lift Stay would be futile because the Motion to Lift Stay is denied for the reasons discussed *supra*.

Accordingly,

IT IS ORDERED that the plaintiffs' Motion to Lift Stay and a Motion for Leave to File Documents in support of the Motion to Lift Stay are DENIED. Rec. Docs. 23 and 26.

New Orleans, Louisiana, this __20____ day of ____ March_____, 2014.

_____
**UNITED STATES DISTRICT JUDGE**