UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OBADIAH FRANCOIS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-2640** |
| **CITY OF GRETNA, ET AL** | **SECTION: "C" (3)** |

### ORDER & REASONS

Before this Court is Plaintiffs Obadiah and Matthias Francois' ("Plaintiffs") Motion for Final Judgment and Ruling or Decision or Order. (Rec. Doc. 55). Plaintiff Matthias Francois also filed a Supplement to their Motion. (Rec. Doc. 56). Additionally, before this Court is a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted filed by Defendant City of Gretna ("Gretna") in regards to the claims of the complaint against "Gretna Police". (Rec. Doc. 59). Plaintiffs oppose the motion. (Rec. Doc. 63). The motions are before the court on briefs, without oral argument. (Rec. Doc. 61). Having considered the memoranda of counsel, the record, and the applicable law, for the following reasons, the Court finds that the Motion to Dismiss (Rec. Doc. 59) the claims against "Gretna Police" is GRANTED and the Motion for Final Judgment and Ruling or Decision or Order (Rec. Doc. 55) is DENIED AS MOOT.

**I. BACKGROUND**

Acting *pro se*, Plaintiffs instituted this matter on May 7, 2013 against the City of Gretna and "Gretna Police Department" alleging violations of their constitutional and civil rights under the 4th and 14th Amendments of the United States Constitution and 42 U.S.C. §1983. (Rec. Doc. 4). Plaintiffs' original complaint demanded $45,000,000.00 in compensatory damages and $350,000.00 in punitive damages for alleged violations stemming from Plaintiffs' arrest by the Gretna Police on October 24, 2012. *Id.* Specifically, Plaintiffs allege that the Defendants Gretna and Gretna Police unlawfully and maliciously entered Plaintiffs' real property, and seized Plaintiffs' cell phones. *Id.* at 1, 3. In Plaintiffs' amended complaint, the plaintiffs additionally allege the Defendants acted without probable cause in searching and arresting plaintiffs and in seizing their cell phones. (Rec. Doc. 6).[1]

Plaintiffs filed their complaint on May 7, 2013. (Rec. Doc. 4). Defendant Gretna was served

---

[1] Plaintiffs filed a Motion to Amend Complaint and Motion to Lift Stay (Rec. Doc. 23) which was denied by this Court on March 20, 2014 (Rec. Doc. 27). Plaintiffs filed a Motion to Amend/Correct Complaint in order to add additional defendants. (Rec. Doc. 28). This Motion was denied on May 19, 2014. (Rec. Doc. 30). On January 15, 2015 Matthias Francois filed a Motion to Amend/Correct Complaint. (Rec. Doc. 58). This motion was referred to Magistrate Judge Daniel E. Knowles. As of the date of this order, no decision has been issued concerning the motion.

on June 3, 2013, and their answer was due June 24, 2013. (Rec. Doc. 9). On June 24, 2013, Gretna filed a Motion to Stay due to pending state court criminal proceedings which were the focus of Plaintiffs' federal suit. (Rec. Doc. 10). This Court granted the stay on July 30, 2013 and administratively closed the case until the resolution of the state court criminal charges. (Rec. Doc. 22). Subsequent to the conclusion of the state court criminal proceedings, the stay was lifted and the case reopened by this Court's order on December 12, 2014. (Rec. Doc. 49). Plaintiffs filed their Motion for Final Judgment and Ruling or Decision or Order on January 2, 2015. (Rec. Doc. 55). Gretna filed its Motion to Dismiss and Answer on January 20, 2015. (Rec. Docs. 59 & 60).

## II. ANALYSIS

Plaintiffs' Motion for Final Judgment and Ruling or Decision or Order is a motion for this Court to issue a decision regarding Plaintiff's claims. (Rec. Doc. 55). Specifically, Plaintiffs are requesting that this Court "make a ruling based of [sic] all the current facts and legal information that's in this courts [sic] possession, record." *Id.* at 6. The motion makes reference to the lack of response from the defendants and asks for a final ruling from the court. *Id.* at 1, 5. The motion appears to be requesting a default judgment, although, Plaintiffs never requested an entry of default from the clerk. Without an entry of default, there can be no default judgment. However, the

Defendant City of Gretna has filed an answer and a Rule 12(b)(6) Motion to Dismiss the claims against the "Gretna Police" since the stay has been lifted. Plaintiffs' Motion for Final Judgment is MOOT. (Rec. Doc. 55).

In its Rule 12(b)(6) Motion to Dismiss, the City of Gretna argues that it is a Lawrason Act municipality, and as such, the police department does not have the legal capacity to be sued or sue. (Rec. Doc. 59). Plaintiffs' Opposition to the Motion to Dismiss does not address this argument. (Rec. Doc. 63). Plaintiffs instead reiterate their claims of civil rights violations and provide no argument against granting the motion. *Id.*

A motion to dismiss under Rule 12(b)(6) may be granted when a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).The well-pleaded factual allegations of the complaint, taken as true, must raise the plaintiff's right to recover above the speculative level. *Twombly*, 550 U.S. at 555-56. Facts from which the court could infer the mere possibility of liability will not suffice. *Ashcroft*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)). *A fortiori*, a complaint may be dismissed when it appears beyond doubt that plaintiff

can prove no set of facts that would entitle him to prevail. *Twombly*, 550 U.S. at 560-61.

On a motion to dismiss, the court must take all well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). Nevertheless, "conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by document appended to complaint." *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974).

In Louisiana, "an entity must qualify as a juridical person before it will be empowered to independently institute litigation. The same holds true for an entity being sued." *Dugas v. City of Breaux Bridge Police Department*, 757 So.2d 741, 743 (La.App. 3 Cir. 2000) (internal quotation marks and citations omitted). A juridical person "is an entity to which the law attributes personality, such as a corporation or a partnership." La. Civ. Code art. 24.

The provisions of the Lawrason Act, La. R.S. § 33:321, et seq. cover the operations of municipalities pursuant to a mayor-board of alderman form of government. It is settled law that the police departments of Lawrason Act municipalities are not juridical entities, separate and distinct from the municipality itself, and therefore lack the requisite legal capacity to sue or be sued. *Dugas*, 757 So.2d at 743-744. "Gretna Police" is not a juridical entity which is separate

and distinct from the City of Gretna. "Gretna Police" does not have the legal capacity to be a party to litigation.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiffs' Motion for Final Judgment and Ruling or Decision or Order is DENIED as MOOT.

IT IS ORDERED that Defendant's Motion to Dismiss the claims of the complaint against "Gretna Police" is GRANTED.  The claims against "Gretna Police" is hereby DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 24th day of February, 2015

                                        HELEN G. BERRIGAN
                                      UNITED STATES DISTRICT JUDGE