UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**OBIDIAH FRANCOIS, ET AL**                         **CIVIL ACTION**

**VERSUS**                                          **NO. 13-2640**

**CITY OF GRETNA, ET AL**                           **SECTION: "C" (3)**

**ORDER**

Before the Court is a Motion for Summary Judgement filed by *pro se* Plaintiffs Matthias Francois and Obadiah Francois. Rec. Doc. 64. Defendants have not filed an opposition. Having reviewed the record, and the law, the Court hereby DENIES the motion for the reasons that follow.

**I. Background**

This case arises out of the arrests of Plaintiffs Matthias and Obadiah Francois on October 24, 2012. They were charged with violations of La. R.S. 14:59A(5) (Criminal Mischief - Filing a False Police Report) and La. R.S. 14:285A (Harassing Phone Calls). Rec. Docs. 25 and 25-1. Prior to their arrests, the Gretna Police Department had received a 9-1-1 call regarding "two black males, wearing all black clothing, [who] were selling illegal narcotics in the 300 block of 5th Street in Gretna." Rec. Doc. 10-1 at 1-2. When Gretna police arrived at the scene, they observed the two individuals in question, who were later identified as Plaintiffs Matthias and Obadiah Francois. Rec. Doc. 10-1 at 2. One of the plaintiffs "made gestures as if he was going to flee, and another [] reached into his waistband as if reaching for a firearm and then removed his hand and made his hand represent a gun using his thumb and index finger." *Id.* After being arrested and read their *Miranda* rights, Matthias and Obadiah admitted to making the 9-1-1 call. *Id.* Additionally, while completing

a criminal background history check on the plaintiffs, the Gretna Police Department learned that there was an outstanding warrant for Matthias Francois for violation of Gretna Ordinance No. 16-140 (Harassing Phone Calls) which had occurred August 6, 2012. *Id.* Matthias was also arrested for this outstanding attachment. *Id.*

On or about May 23, 2014 the La. R.S. 14:59 charge against Matthias Francois was formally dismissed without prejudice. Rec. Doc. 36-1 at 1. However, on May 22, 2014 a grand jury in the 24th Judicial District Court for the parish of Jefferson formally indicted Matthias and Obadiah Francois on three additional counts arising from the October 24, 2012 arrest, specifically, violations of La. R.S. 14:122 (Public Intimidation- two counts) and La. R.S. 14:126.1 (False Swearing for Purposes of Violating Public Health and Safety). Rec. Doc. 26-1 at 10. A hearing was held November 10, 2014 in the 24th Judicial District Court before Judge Henry G. Sullivan, Jr. in which Matthias Francois withdrew his plea of "Not Guilty" and entered a plea of "Guilty." Rec. Doc. 44-1. Matthias Francois was sentenced to imprisonment at hard labor for a term of five years. *Id.* The remaining charges were ultimately dismissed as part of the plea agreement between Matthias Francois and the District Attorney. Rec. Doc. 44 at 2.

The record does not contain information regarding the disposition of the criminal charges against Obadiah Francois. However, on December 19, 2014 Plaintiffs filed a Notice of Change of Address indicating that Obadiah's new address was Avoyelles Correctional Center, thereby indicating that he has been sentenced as well. Rec. Doc. 51.

On May 7, 2013, Plaintiffs filed a 42 U.S.C. §1983 complaint against the City of Gretna and the Gretna Police Department alleging a violation of their Fourth Amendment civil rights when Gretna arrested them and seized their cell phones. Rec. Doc. 4. Plaintiffs allege that they were

subjected to an illegal search and seizure of their cell phones. *Id.* at 1. Additionally, Plaintiffs raise claims of false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress. *Id.* 2. Plaintiffs are seeking $45 million in compensatory damages and $350,000 in punitive damages. *Id.*

On June 24, 2013, Gretna filed a Motion to Stay Proceedings pending the resolution of the underlying criminal proceedings. Rec. Doc. 10. The Motion to Stay was granted by this Court on July 30, 2013. Rec. Doc. 22. Ultimately, upon conclusion of the state criminal proceedings, this Court granted Matthias Francois' fourth Motion to Lift Stay on December 12, 2014. Rec. Doc. 49.

Defendant Gretna City filed a Motion to Dismiss for Failure to State a Claim on January 20, 2015, seeking the dismissal of all claims against "Gretna Police" due to its lack of capacity to be sued. Rec. Doc. 59. This Court granted that motion on February 25, 2015 and dismissed the party "Gretna Police" with prejudice. Rec. Doc. 68. Defendant City of Gretna filed its answer on January 20, 2015. Rec. Doc. 60.

Plaintiffs Matthias and Obadiah Francois filed their Motion for Summary Judgment on February 18, 2015. There has been no response from the Defendant. At this time, the Court has not been informed if discovery has been completed, or whether it has even commenced.

## II. Analysis

### **Rule 56 Motion for Summary Judgment**

Summary judgment is proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A party seeking summary judgment "bears the initial responsibility of informing

3

the district court of the basis for its motion, and identifying those portions of '[discovery], together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the initial burden is met, the nonmoving party must "designate specific facts showing there is a genuine issue for trial" using evidence cognizable under Rule 56. *Id.* at 324, 106 S.Ct. at 2253.

A genuine issue of fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1996). "[U]nsubstantiated assertions" and "conclusory allegations" will not defeat a properly supported motion for summary judgment. *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir.1994); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 871–73, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511 (internal citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248, 106 S.Ct. at 2510.

When reviewing a motion for summary judgment, a court must view the evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Daniels v. City of Arlington, Texas*, 246 F.3d 500, 502 (5th Cir.2001). Summary judgment does not allow a court to resolve credibility issues or weigh evidence. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir.1991).

Plaintiffs' Motion for Summary Judgment does not include a list or statement of material facts not disputed and in their favor, nor did they include an explanation as to why they are entitled to judgment as a matter of law. No evidence has been submitted with the motion. Plaintiffs' motion

fails to meet their burden as the movant for a motion for summary judgment.

Accordingly,

**IT IS ORDERED that the Motion for Summary Judgment is DENIED (Rec. Doc. 64).**

New Orleans, Louisiana, this 3rd day of April, 2015.

                                      HELEN G. BERRIGAN
                                      UNITED STATES DISTRICT JUDGE