UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OBADIAH FRANCOIS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-2640** |
| **CITY OF GRETNA, ET AL** | **SECTION: "C" (3)** |

**ORDER**

Before the Court is a Motion to Strike pursuant to Rule 12(f) filed by *pro se* Plaintiff Matthias Francois. Rec. Doc. 74. Plaintiffs Matthias Francois and Obadiah Francois have additionally filed a Motion for Leave to File Supplement to Motion to Strike. Rec. Doc. 73. Defendants have not filed an opposition. Having reviewed the record, and the law, the Court hereby DENIES both motions for the reasons that follow.

Plaintiff Matthias Francois' motion is difficult to comprehend - it appears that a large portion of it is simply recitations of definitions from a dictionary. However, what this Court is able to decipher, leads the Court to believe that Plaintiff is seeking to have Defendant's Answer struck from the record because, "Defendant did not have reasonable ground for a belief the crime, or criminal case," actually occurred and the defenses put forth are "insufficient," to defeat Plaintiffs' claims. Rec. Doc. 74 at 1 and 3. Plaintiff reiterates his argument from previous pleadings that "all charges from

stemming from the Oct[ober] 24, 2012 false arrest" were dismissed. *Id.* at 1. However, as stated in this Court's previous Order dated December 12, 2014, Plaintiff Matthias Francois did plead guilty to charges stemming from the October 24, 2012 arrest. Rec. Doc. 49. Plaintiffs Matthias and Obadiah's Motion to Supplement the Motion to Strike argues Defendant City of Gretna's Answer is "frivolous, insufficient, [and] redundant," but fails to demonstrate how so. Rec. Doc. 73.

Federal Rule of Civil Procedure 12(f) states in part: "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored and infrequently granted due to the fact that they are a drastic remedy and are often used as a dilatory tactic. *FDIC v. Niblo,* F.Supp. 441, 449 (N.D. Tex. 1993)(citing *Augustus v. Bd. of Pub. Instr. of Escambia County, Florida,* 306 F2d 862, 868 (5th Cir. 1962). *See also Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045 (5th Cir. 1982). Motions to strike "should only be granted when the pleading to be stricken has no possible relation to the controversy." *Augustus,* 306 F.2d at 868 (*quoting Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). When the basis for a motion to strike is the "insufficiency" of a defense, the movant must demonstrate that the defense is insufficient as a matter of law. *Kaiser*, 677 F.2d at 1057. "A motion to strike should be denied if there is any disputed question of fact." *Joe Hand Promotions, Inc. v. HRA Zone, L.L.C.*, 2013 WL 5707813 at 2(W.D. Tex. 2013) (citing *Augustus*, 306 F.2d at 868). Finally, when considering a Rule 12(f) motion, the court has "ample" discretion. *In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979).

Federal Rule of Civil Procedure 8(c) requires a defendant to "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir. 1999). The Fifth Circuit has not addressed the issue of whether the Supreme Court's opinions in *Twombly* and *Iqbal* apply to affirmative defenses. However, a Fifth Circuit decision issued after *Twombly* but before *Iqbal* relied on the *Woodfield* "fair notice" standard. *Rogers v. McDorman*, 521 F.3d 381, 385-86 (5th Cir. 2008). Thus, the Court concludes that the *Woodfield* "fair notice" standard is still applicable to motions to strike affirmative defenses.

Applying these standards, Plaintiff's Motion to Strike should be denied. Plaintiff has failed to demonstrate that Defendant's answer and defenses have "no possible relation to the controversy" at issue in this case. *See Augustus*, 306 F.2d at 868. Defendant's answer and defenses are all pertinent, relevant and related to the controversy. Furthermore, the motion is premature given the early stage of this litigation and the numerous fact issues which preclude granting a motion to strike. The Court finds that whether Defendant's defenses are meritorious should be determined after discovery is conducted in this case and should be addressed in a summary judgment motion rather than in a motion to strike.

**Accordingly,**

**IT IS ORDERED that the Motion to Strike is DENIED (Rec. Doc. 74).**

**IT IS FURTHER ORDERED, that the Motion for Leave to Supplement the**

**Motion to Strike is DENIED. (Rec. Doc. 73).**

New Orleans, Louisiana, this 3rd day of April, 2015.

                                                      HELEN G. BERRIGAN
                                                     UNITED STATES DISTRICT JUDGE