UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OBADIAH FRANCOIS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-2640** |
| **CITY OF GRETNA, ET AL** | **SECTION: "C" (3)** |

**ORDER & REASONS**

Before this Court is a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted filed by Defendant City of Gretna ("Gretna") in regards to the claims of malicious prosecution from the amended complaint against Gretna. (Rec. Doc. 88). Plaintiffs have not filed an opposition or response to the motion. The motion is before the court on briefs, without oral argument. (Rec. Doc. 93). Having considered the memoranda of counsel, the record, and the applicable law, for the following reasons, the Court finds that the Motion to Dismiss (Rec. Doc. 88) the malicious prosecution claims against Gretna is GRANTED.

**I. BACKGROUND**

Acting *pro se*, Plaintiffs instituted this matter on May 7, 2013 against the City of Gretna and "Gretna Police Department" alleging violations of their constitutional and civil rights under the 4th

and 14th Amendments of the United States Constitution and 42 U.S.C. §1983. (Rec. Doc. 4). Plaintiffs' original complaint demanded $45,000,000.00 in compensatory damages and $350,000.00 in punitive damages for alleged violations stemming from Plaintiffs' arrest by the Gretna Police on October 24, 2012. *Id.* Specifically, Plaintiffs allege that the Defendants Gretna and Gretna Police unlawfully and maliciously entered Plaintiffs' real property, and seized Plaintiffs' cell phones. *Id.* at 1, 3. In Plaintiffs' amended complaint, the plaintiffs additionally allege the Defendants acted without probable cause in searching and arresting plaintiffs and in seizing their cell phones. (Rec. Doc. 6).[1]

Plaintiffs filed their complaint on May 7, 2013. (Rec. Doc. 4). Defendant Gretna was served on June 3, 2013, and their answer was due June 24, 2013. (Rec. Doc. 9). On June 24, 2013, Gretna filed a Motion to Stay due to pending state court criminal proceedings which were the focus of Plaintiffs' federal suit. (Rec. Doc. 10). This Court granted the stay on July 30, 2013 and administratively closed the case until the resolution of the state court criminal charges. (Rec. Doc.

---

[1] Plaintiffs filed a Motion to Amend Complaint and Motion to Lift Stay (Rec. Doc. 23) which was denied by this Court on March 20, 2014 (Rec. Doc. 27). Plaintiffs filed a Motion to Amend/Correct Complaint in order to add additional defendants. (Rec. Doc. 28). This Motion was denied on May 19, 2014. (Rec. Doc. 30). On January 15, 2015 Matthias Francois filed a Motion to Amend/Correct Complaint. (Rec. Doc. 58). This motion was referred to Magistrate Judge Daniel E. Knowles who denied it on April 23, 2015. (Rec. Doc. 82).

2

22). Subsequent to the conclusion of the state court criminal proceedings, the stay was lifted and the case reopened by this Court's order on December 12, 2014. (Rec. Doc. 49). Gretna filed its first Motion to Dismiss under F.R.C.P. 12(b)(6) on January 20, 2015 to dismiss the claims against "Gretna City Police" for lack of legal capacity. (Rec. Doc. 59). The Court granted that motion on February 25, 2015 and dismissed the claims against "Gretna City Police." (Rec. Doc. 68). Gretna also filed an Answer to the claims against the city on January 20, 2015. (Rec. Doc. 60).

Plaintiffs filed a Motion for Leave to File Memorandum which this Court construed as a Motion to Supplement Complaint on April 16, 2015. In that document, Plaintiffs raised a malicious prosecution claim against Gretna. (Rec. Doc. 80). The Court granted this Motion and allowed Plaintiffs to add the malicious prosecution claim. (Rec. Doc. 85). The Court also ordered defendant Gretna to file an amended answer or other response to address the new claim. (Rec. Doc. 85). Defendant Gretna filed the instant Motion to Dismiss under F.R.C.P. 12(b)(6) on May 20, 2015. (Rec. Doc. 88).

## II. ANALYSIS

The Defendant City of Gretna has filed a Rule 12(b)(6) Motion to Dismiss the malicious prosecution claims against it that were raised in the amended complaint. In its current Rule 12(b)(6)

3

Motion to Dismiss, the City of Gretna argues that Plaintiffs Obadiah and Matthias Francois cannot properly state a claim for malicious prosecution, and as such, the amended claim must be dismissed. (Rec. Doc. 88-1). Since Plaintiffs have not filed an opposition or response, the Court will consider the Motion unopposed.

A motion to dismiss under Rule 12(b)(6) may be granted when a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The well-pleaded factual allegations of the complaint, taken as true, must raise the plaintiff's right to recover above the speculative level. *Twombly*, 550 U.S. at 555-56. Facts from which the court could infer the mere possibility of liability will not suffice. *Ashcroft*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)). *A fortiori*, a complaint may be dismissed when it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to prevail. *Twombly*, 550 U.S. at 560-61.

On a motion to dismiss, the court must take all well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). Nevertheless, "conclusory allegations and

unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by document appended to complaint." *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974).

To be successful on a malicious prosecution claim under Louisiana law, the plaintiff must show:

> (1) the commencement [or continuance] of an original criminal or civil judicial proceeding;
> (2) its legal causation by the present defendant against the present plaintiff who was the defendant in the original proceeding;
> (3) its bona fide termination in favor of present plaintiff;
> (4) the absence of probable cause for such proceeding;
> (5) the presence of malice therein; and
> (6) damages conforming to legal standards resulting to the plaintiff.

*St. Paul Mercury Insurance Co. v. Williamson*, 224 F.3d 425, 435 (5th Cir. 2000), *citing Hibernia Nat'l Bank v. Bolleter*, 390 So.2d 842, 843 (La. 1980).

Plaintiffs have not provided evidence that the criminal proceeding ended in a "bona fide termination" in their favor. "A procedural dismissal of the charges, even if the dismissal is with prejudice, does not satisfy that element of the cause of action." *Deville v. Marcantel*, 567 F.3d 156, 173 (5th Cir. 2009), *citing Savoie v. Rubin*, 820 So.2d 486 (La. 2002). The previous proceedings must have been concluded on the merits. *Id.* An entry of *nolle prosse* by the district attorney "is a procedural dismissal of the charges without prejudice - not a bona fide termination

5

in the defendant's favor." *Id.*

Defendant Gretna has provided transcripts of the state criminal proceedings for Plaintiffs as exhibits to their instant Motion. These transcripts make clear that (1) Obadiah entered a guilty plea to multiple counts of public intimidation and one count of false swearing; and (2) Matthias entered a guilty plea to one count of public intimation and as part of the plea arrangement, had the other counts dismissed by the district attorney. (Rec. Doc. 88-2). Previously, Plaintiffs and Defendant have submitted paperwork from the state court criminal proceedings that shows other charges (specifically, criminal mischief- filing a false police report), were dismissed without prejudice by the assistant attorney general. (Rec. Doc. 37 at 4 and Rec. Doc. 36-1). There is no need to further analyze Plaintiffs' malicious prosecution claims. Plaintiffs cannot prove the state criminal proceedings at issue resulted a "bona fide termination in their favor" and as such their malicious prosecution claims fails.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss the malicious prosecution claims of the amended complaint is GRANTED.  These claims are hereby DISMISSED WITH

PREJUDICE.

New Orleans, Louisiana, this 29th day of June, 2015

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE